**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**NEW ALBANY DIVISION**

| | |
|---|---|
| LADONNA FARMER, and<br>DURWARD FARMER,<br><br>            Plaintiffs,<br><br>     v.<br><br>FJK INDUSTRIES, INC., and<br>ORSCHELN FARM AND HOME LLC,<br><br>            Defendants. | )<br>)<br>)<br>)<br>) No. 4:16-cv-00150-TWP-DML<br>)<br>)<br>)<br>)<br>)<br>) |

**ENTRY ON JURISDICTION**

It has come to the Court's attention that Defendant's Notice of Removal fails to allege all of the facts necessary to determine whether this Court has subject matter jurisdiction over this case. The Notice of Removal alleges that this Court has jurisdiction based upon diversity of citizenship. However, the Notice of Removal fails to sufficiently allege the citizenship of the parties. Citizenship is the operative consideration for jurisdictional purposes. *See Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002) ("residence and citizenship are not synonyms and it is the latter that matters for purposes of the diversity jurisdiction"). "For diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members." *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007). "Consequently, an LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well." *Id.*

Furthermore, jurisdictional allegations must be made on personal knowledge, not on information and belief, to invoke the subject matter jurisdiction of a federal court. *See America's*

*Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) (only a statement about jurisdiction "made on personal knowledge has any value," and a statement made "'to the best of my knowledge and belief' is insufficient" to invoke diversity jurisdiction "because it says nothing about citizenship"); *Page v. Wright*, 116 F.2d 449, 451 (7th Cir. 1940) (an allegation of a party's citizenship for diversity purposes that is "made only upon information and belief" is unsupported).

The Notice of Removal alleges that "[u]pon information and belief, Plaintiffs are citizens of the State of Indiana." ([Filing No. 1 at 2](#).) The allegations of citizenship for the two defendants are also made "upon information and belief." Allegations made upon information and belief are not sufficient to allow the Court to determine whether diversity jurisdiction exists.

Additionally, the Notice of Removal alleges that "Co-Defendant, Orscheln [Farm and Home, LLC], is organized under the laws of the State of Missouri with its principal place of business in the State of Missouri." (*Id.*) However, these jurisdictional allegations do not establish the citizenship of Orscheln Farm and Home, LLC. Alleging the identity and citizenship of each of the members is necessary for this Court to determine whether it has jurisdiction.

Therefore, Defendant FJK Industries, Inc. is **ORDERED** to file a Supplemental Jurisdictional Statement that establishes the Court's jurisdiction over this case. This jurisdictional statement is due **fourteen (14) days** from the date of this Entry.

**SO ORDERED.**

Date: 8/23/2016

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Donald Meyer, Jr.
djmlaw@fuse.net

Barath Shankar Raman
LEWIS WAGNER LLP
braman@lewiswagner.com

Thomas C. Hays
LEWIS WAGNER LLP
thays@lewiswagner.com

Daniel Mark Witte
TRAVELERS STAFF COUNSEL OFFICE
dwitte@travelers.com